UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BILLY TYLER,<br><br>                    Plaintiff,<br><br>v.<br><br>SAV EXPRESS, and,<br>ONE JOHN DOE DRIVER "TRUCK #7194",<br><br>                    Defendants. | Case No. 18-CV-2840 (SRN/ECW)<br><br>**Report and Recommendation** |

Plaintiff Billy Tyler alleges that he was harmed by John Doe Driver ("Defendant 1), "truck #7194," presumably an employee of Sav Express ("Defendant 2"), on August 6, 2018. *See* Doc. 1. Tyler alleges that he is a citizen of Nebraska, while he believes that the defendants are citizens of Anoka, Minnesota. Tyler did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. That IFP application is now before the Court and must be considered before any other action may be taken in this matter. *See* Doc. 2.

After review of that IFP application, this Court concludes that Tyler's qualification for IFP status is dubious given the incomplete nature of information provided on his application. Regardless of his actual financial qualification, an IFP application will also be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam);

1

*Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Tyler's complaint is difficult to follow. He seems to allege that defendant truck driver attempted to harm he and his wife by either running them off the road or otherwise bullying them on Interstate 35 during road construction.[1] It is unclear from the face of Tyler's complaint that the conduct he alleges aligns with any legally cognizable injury. The complaint simply does not contain a viable claim for relief. It is therefore

---

[1] Tyler wrote: "Petitioner drove 10-15 miles per hour on apron shoulder of 'I-35,' and 3 times 'John Doe' endangered our lives pulling his semi trailer truck onto shoulder of I-35 as said blocking our egres" and "He only one out of mile long throng queue of thousands to block us and we pray compensation as said." *See* Doc. 1 at 2-3.

recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). Additionally, to the extent Tyler believes there are claims to be made on behalf of his wife, he cannot represent her pro se. *See e.g. Georgakis v. Illinois State University,* 722 F.3d 1075, 1077 (7th Cir. 2013) (a non-lawyer cannot handle a case on behalf of anyone but himself). Thus, she would have to either represent herself or retain counsel.

It should also be noted that Tyler makes reference to litigation pertaining to these same facts pending in Anoka District Court. *See* Doc. 1 at 2. To the extent that litigation already occurred in state court, Plaintiff cannot come to this Court to review the outcome of that litigation. *See Skit Int'l, Ltd. V. DAC Technologies of Arkansas, Inc.,* 487 F.3d 1154, 1156-57 (8th Cir. 2007) ("The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments. … Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it."). Additionally, to the extent that state court proceedings are ongoing, abstention is appropriate because this Court will not meddle in pending state court matters. *See e.g. Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (Younger abstention requires "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"); *Minnesota Living Assistance, Inc. v. Peterson,* 899 F.3d 548, 551 (8th Cir. 2018) ("a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending

3

state criminal proceeding" absent limited exceptions). Thus, this Court has multiple reasons to conclude that it is appropriate to recommend dismissal of this action.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the case be hereby DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. That Tyler's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: October 25, 2018                *s/Elizabeth Cowan Wright*
                                       Elizabeth Cowan Wright
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).